NO. 07-11-0251-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

MARCH 30, 2012
_____

DOE #1, DOE #2, DOE #3,

                                                    Appellants
v.

NATIONAL UNION FIRE INSURANCE COMPANY
OF PITTSBURGH, PA,

                                                    Appellee
_____

FROM THE 108TH DISTRICT COURT OF POTTER COUNTY;

NO. 98,575-E; HONORABLE DOUGLAS WOODBURN, PRESIDING
_____

*Memorandum Opinion*
_____

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

Appellants DOE #1, DOE #2, and DOE #3[1] (hereinafter collectively referred to as DOE) appeal from a summary judgment in which the trial court denied DOE's right to recovery under four insurance policies issued by appellee National Union Fire Insurance Company of Pittsburgh, PA (National Union). We reverse the judgment for the simple

_____
[1]Appellants are affiliated religious entities.

reason that National Union did not carry its burden of proof, even assuming that its interpretation of the contract was accurate.

The dispute before us involves a coverage question. The insurance contract at issue is a commercial general liability policy with accompanying endorsements. One endorsement, entitled "Clergy Counseling Professional Liability Coverage," stated that "[t]he Exclusions are replaced by the following:  [t]his insurance does not apply to . . . liability resulting from any actual or alleged conduct of [sic] sexual nature . . . ." According to National Union, that provision freed it from providing DOE a defense or coverage against several claims.  Furthermore, it moved for summary judgment on that ground, which motion the trial court granted.[2]

The problem we encounter arises from the tenor of the summary judgment record.  The parties allude to claims being made against DOE and to the conduct of individuals (*i.e.,* Mares and Kelley) which, we assume for purposes of this appeal, is of a sexual nature undertaken by them.  Yet, no one cites us to any evidence or stipulations revealing who asserted claims against DOE or the nature of or factual basis underlying the supposed claims.  Nor does anyone cite us to evidence suggesting that Mares or Kelley were representatives, agents, or employees of DOE or whether DOE had any type of responsibility for their actions.  Nor did our own review of the record uncover any such evidence.  That it was missing was also mentioned by DOE in its brief.

Simply put, and assuming *arguendo* that National Union's interpretation of the endorsement is correct, it failed to prove, as a matter of law, that the claims underlying the contractual dispute between National Union and DOE concerned liability resulting

---

[2]DOE responded to the motion for summary judgment by contending that the endorsement applied only to conduct undertaken by clergy.

2

from conduct of a sexual nature.  So, summary judgment was improper.  *See Provident Life & Accident Ins. Co. v. Knott,* 128 S.W.3d 211, 215-16 (Tex. 2003) (stating that summary judgment is proper when the movant establishes its entitlement to same as a matter of law).

Accordingly, the summary judgment of the trial court is reversed and the cause is remanded.

Brian Quinn
Chief Justice
